UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN OFFICE

2004 SEP 27  P 12:15

U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # _58916_
AMOUNT $ _150_
SUMMONS ISSUED _—_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _9-27-04_

CIVIL ACTION NO.

04 40195 FDS

---

SURVEYS & ANALYSIS, INC.,

        Plaintiff,

v.

SCOTT HULTINE,

        Defendant.

---

## NOTICE OF REMOVAL

    Scott Hultine hereby gives notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, he is removing this action from the Commonwealth of Massachusetts Superior Court, Worcester County, to the United States District Court for the District of Massachusetts. The grounds for removal are set forth below.

    1.    Mr. Hultine is the defendant in a civil action filed by Surveys & Analysis, Inc. ("Surveys") in the Commonwealth of Massachusetts Superior Court, Worcester County, captioned *Surveys & Analysis, Inc. v. Scott Hultine*, Civil Action No. 04-1727A ("the Pending Action"). The Summons and Complaint in the Pending Action were mailed to Mr. Hultine on September 2, 2004. This Notice, therefore, is timely filed. *See* 28 U.S.C. § 1446(b).

    2.    Based on information contained in the Complaint, Mr. Hultine asserts that Surveys is a Massachusetts corporation with its principal place of business in Massachusetts. Mr. Hultine is a resident and citizen of Illinois.

    3.    The Complaint concerns Mr. Hultine's employment with Surveys. Surveys asserts claims for breach of contract, breach of the covenant of good faith and fair dealing,

breach of fiduciary duty, tortious interference with contractual/advantageous relations, misappropriation of trade secrets, and injunctive relief.

4.      Surveys seeks damages for, among other things, alleged lost revenues in excess of $550,000. *See* Civil Action Cover Sheet; Complaint (Prayers for Relief). Mr. Hultine has a good faith basis to believe that the alleged damages exceed $75,000, exclusive of interest and costs.

5.      The United States District Court for the District of Massachusetts has diversity jurisdiction over this matter because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

6.      Copies of all process, pleadings, and orders served on Mr. Hultine in the Pending Action are attached to this Notice as Exhibit A.

7.      Pursuant to Local Rule 81.1(a), within thirty (30) days of the date hereunder, Mr. Hultine will file with this Court certified or attested copies of all records and proceedings in the state court and will file with this Court a certified or attested copy of all docket entries in the state court action.

WHEREFORE, Mr. Hultine requests that the Pending Action proceed before this Court as an action properly removed.

<div style="margin-left: 40%;">

Respectfully submitted,

SCOTT HULTINE

By his attorneys,

HOLLAND & KNIGHT LLP

Paul G. Lannon, Jr. (BBO # 563404)
David J. Santeusanio (BBO # 641270)
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

</div>

Dated:  September 27, 2004

# 2258784_v1

*I certify under the pains and penalties of perjury that this document was served upon counsel for all parties in this case on 9/27/04 by Handley Mail*



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

SEP 0 2 2004

04-1727 A

| | |
|---|---|
| SURVEYS & ANALYSIS, INC. | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SCOTT HULTINE, | ) |
| Defendant. | ) |

## COMPLAINT

### PARTIES

1.      Plaintiff, Surveys & Analysis, Inc. ("Surveys") is a Massachusetts corporation with its primary place of business at 538 Hartford Turnpike, Shrewsbury, Massachusetts 01545.

2.      Defendant, Scott Hultine ("Hultine") is an individual, who on information and belief, resides at 628 Forest View Drive, Geneva, Illinois 60134. Hultine is a former employee of Surveys who, on information and belief, is an owner, principle and officer of A.G.D., Inc. ("AGD").

### JURISDICTION AND VENUE

3.      Hultine has submitted to the jurisdiction and venue of this Court pursuant to Section 1.10 of an Employment, Nondisclosure, and Non-Competition Agreement dated April 16, 1999 (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

### FACTS

4.      Surveys is in the business of providing leak detection services to companies in the natural gas industry. Surveys operates a facility in Shrewsbury, Massachusetts. Surveys markets

{J:\CLIENTS\lit\300482\0001\00449226.DOC;3}

and sells its services primarily to customers located in the Northeastern and Midwestern United States.

5.    Surveys hired Hultine as a Natural Gas Leak Detection Consultant on or about March 10, 1997. Hultine had no previous experience in the natural gas leak detection industry.

6.    As a condition of his employment with Surveys, Hultine signed the Agreement. See Exhibit 1.

7.    The Agreement forbids Hultine from competing with Surveys for a period of three (3) years following termination of his employment with Surveys. Specifically, the Agreement states:

> "I agree for a period of three (3) years following termination of my employment with Surveys & Analysis, Inc. within the geographical area of mid-west and any contiguous states not to engage in or contribute any knowledge to any work, employment or investment which is competitive with or similar with the service, product, process or apparatus with Surveys & Analysis, Inc. or on which I work with respect to which I had access to confidential information while at the company at any time during my employment." See Agreement, 1.6.

8.    The Agreement also forbid Hultine from disclosing Survey's confidential information. Specifically, the Agreement states:

> "I agree not to use (other than for SURVEYS & ANALYSIS, INC.) and not to directly or indirectly publish or otherwise disclose at any time (except as my duties to Surveys & Analysis, Inc. may require) either during or subsequent to my employment, any of Surveys & Analysis, Inc.'s "CONFIDENTIAL INFORMATION" (as defined below), whether or not the same was conceived, originated, discovered or developed, in whole or in part, by me." See Agreement, 1.3.

9.    At the time it hired Hultine, Surveys had a long-standing contract with Nicor, Inc.'s subsidiary, Nicor Gas ("Nicor"), a natural gas provider in Illinois. Revenue from Nicor represented approximately fifteen percent (15%) of Surveys' total annual revenue.

2

{J:\CLIENTS\lit\300482\0001\00449226.DOC;3}

10.    During his employment with Surveys, Hultine worked exclusively on the Nicor contract. Hultine managed Surveys' employees at Nicor. Hultine had access to and became very familiar with virtually every facet of Surveys' business and the Nicor contract.

11.    Among other things, Hultine knew of and had access to Surveys' strategic business information, including information relating to leak detection processes and methods, productivity rates, wage structures, hiring practices, pricing strategies and structures, customer lists and sales and marketing efforts.

12.    Unknown to Surveys, on or about April 9, 2002, while still an employee of Surveys, Hultine incorporated AGD with the Illinois Secretary of State, and designated himself as President. Hultine was still an employee of Surveys and knew that under the terms of the Agreement he could not compete with Surveys.

13.    According to AGD's website, AGD "was established in Illinois to service mid-west utility companies," the precise region covered by the Agreement. Further, AGD advertises AGD as a company established to focus "solely on gas leak detection" and advertises Hultine's "experience in the utility industry as the key to our successful operation."

14.    After forming AGD, Hultine continued his employment with Surveys, apparently to gain further confidential information about Surveys, to enhance his relationship with Nicor and to damage Surveys' relationship with Nicor.

15.    On or about July 9, 2002, Hultine's employment with Surveys was terminated.

16.    Hultine and AGD thereafter immediately began providing leak detection services to Nicor, in express violation of the Agreement, substantially reducing Surveys' benefit in its contract with Nicor.

17.    In late 2003, AGD was awarded a contract with Nicor worth approximately $1.5 million over three (3) years to provide natural gas leak detection services, in direct competition with Surveys.

18.    On information and belief, Hultine is the sole shareholder and employee of AGD.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

19.    Surveys repeats and realleges all of the foregoing paragraphs of the Complaint as if fully set forth herein.

20.    Hultine is contractually obligated, among other things, to not compete against Surveys for three (3) years after termination of his employment with Surveys and not to disclose Surveys' confidential information.

21.    Hultine has breached his Agreement with Surveys as set forth above.

22.    Surveys has been damaged by Hultine's breach of contract.

### COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

23.    Surveys repeats and realleges all of the foregoing paragraphs of the Complaint as if fully set forth herein.

24.    Hultine entered into an Agreement with Surveys. This Agreement is governed by Massachusetts law and, under Massachusetts law, Hultine had an obligation and duty of good faith and fair dealing with Surveys.

25.    Hultine breached and/or violated his obligation and duty of good faith and fair dealing as a result of the conduct described above.

4

{J:\CLIENTS\lit\300482\0001\00449226.DOC;3}

26.    Surveys has been damaged by Hultine's breach of the implied covenant of good faith and fair dealing.

## COUNT III
### Breach of Fiduciary Duty

27.    Surveys repeats and realleges all of the foregoing paragraphs of the Complaint as if fully set forth herein.

28.    Hultine was in a fiduciary relationship with Surveys and owed fiduciary duties to Surveys, including a duty of loyalty, a duty not to compete and a duty not to disclose Surveys' confidential information.

29.    For the reasons stated above, Hultine breached his fiduciary duties to Surveys.

30.    Surveys has been damaged by Hultine's breach of his fiduciary duties, and is entitled to damages as a result of such breach.

## COUNT IV
### Tortuous Interference with Contractual/Advantageous Relationships

31.    Surveys repeats and realleges all of the foregoing paragraphs of the Complaint as if fully set forth herein.

32.    Surveys had a binding contract with Nicor and an advantageous business relationship with Nicor.  Hultine had knowledge of Surveys' contract with Nicor and of Surveys' advantageous relationship with Nicor.

33.    On information and belief, Hultine intentionally interfered by improper means and/or with improper motive with Surveys' advantageous relationship and contract with Nicor.

34.    Surveys has lost its advantageous relationship with Nicor and has substantially lost the benefit of its contract with Nicor as a direct result of Hultine's tortuous interference.

35.    Surveys has been damaged by Hultine's tortuous interference.

5

## COUNT V
### Misappropriation of Trade Secrets

36.    Surveys repeats and realleges all of the foregoing paragraphs of the Complaint as if fully set forth herein.

37.    Hultine possesses trade secret information owned by Surveys.

38.    Hultine was expressly and impliedly obligated not to make use of any Surveys' owned trade secret information.

39.    Hultine unlawfully took Surveys' trade secrets and intentionally converted them to his own use without authorization.

40.    Surveys has been damaged by Hultine's use of Surveys' owned trade secret information.

## COUNT VI
### Injunctive Relief

41.    Surveys repeats and realleges all of the foregoing paragraphs of the Complaint as if fully set forth herein.

42.    Hultine has used, and unless enjoined by this Court will continue to use, Surveys' trade secrets, know-how, confidential information and good will.

43.    Such use has violated and will continue to violate the terms of the Agreement for his own benefit and to the detriment of Surveys.

44.    Unless Hultine is restrained from the actions described above, Surveys will suffer irreparable injury.

45.    There is a substantial likelihood that Surveys will prevail on the merits of one or all of its claims set forth herein.

46.    Surveys is at risk to be harmed to a greater degree by the absence of the injunctive

6

{J:\CLIENTS\lit\300482\0001\00449226.DOC;3}

relief sought herein than Hultine would be harmed by Hultine by the granting of such relief.

48.    Such injunctive relief would be in the public interest.

### PRAYERS FOR RELIEF

WHEREFORE, Surveys & Analysis, Inc. respectfully requests that this Court:

(a)    Issue preliminary and than permanent injunctive relief enjoining Hultine, his agents, servants, affiliates, officers, directors, employees, employers, attorneys and those persons in active concert or participation with Hultine from:

> (i)   using and/or disclosing any trade secrets, know-how or other confidential, technical or business information of Surveys;

> (ii)  contacting and otherwise communicating with Surveys' customers and suppliers until July 10, 2005;

> (iii) communicating with any potential customer about Surveys' products and related business until July 10, 2005;

> (iv)  engaging in any other activities prohibited by the express terms of the Agreement with Surveys;

> (v)   competing with Surveys until July 10, 2005;

> (vi)  contacting or communicating with any current Surveys employee having knowledge of the trade secrets, know-how, confidential and proprietary information of Surveys;

(b)    Require Hultine, his agents, servants, affiliates, officers, directors, employers and attorneys and those persons in active concert or participation with Hultine to immediately return to Surveys all documents and other materials in his possession or control which originally came from Surveys, or which were developed by or used in connection with Surveys' business, and to

7

deliver to Surveys all documents and other information evidencing Hultine's use of Surveys' know-how, confidential information and trade secrets;

(c)    Impose a constructive trust for the benefit of Surveys over all profits, advantages, and payments Hultine, his agents, employers and assigns have received and/or receive by virtue of Hultine's wrongful acts described herein;

(d)    Require that Hultine account to Surveys for all profits, income, advantages and payments that Hultine, his agents, employers and assigns have received and/or received by virtue of Hultine's wrongful acts described herein;

(e)    Award compensatory damages to Surveys to the full extent permitted by law;

(f)    Order such other legal and equitable relief as is just and appropriate.

## JURY TRIAL BY DEMAND

Surveys & Analysis, Inc. hereby demands a trial by jury for all issues so triable.

SURVEYS & ANALYSIS, INC.
By its attorneys,

Michael P. Angelini (BBO# 019340)
James J. Richards (BBO# 642937)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated:  September 2, 2004

8

## SURVEYS & ANALYSIS, INC.

### EMPLOYMENT, NONDISCLOSURE, & NON-COMPETITION AGREEMENT

AGREEMENT, made this __16__ day of __April__ , 199_7_, BY __Scott Hultine__ , of __Surveys & Analysis__

TO: Surveys & Analysis, Inc., of 538 Hartford Turnpike, Shrewsbury, Massachusetts 01545.

1.     In consideration of my employment/continuing employment in any capacity with Surveys & Analysis, Inc., and of the salary or wages paid for my services in the course of such employment, I agree to the following:

1.1.     I agree to communicate to Surveys & Analysis, Inc. promptly and fully all inventions, discoveries, concepts and ideas, whether patentable or not, including but not limited to hardware and apparatus, processes and methods, formulas, computer programs and techniques, as well as improvements thereof and knowledge related thereto (hereinafter collectively referred to as "DEVELOPMENTS"), conceived, completed, or reduced to practice (whether solely by me or jointly with others) during the period of my employment by Surveys & Analysis, Inc., which are related to the present or prospective business, work or investigations of Surveys & Analysis, Inc., or which result from any work I perform with the use of any equipment, facilities, materials or personnel of Surveys & Analysis, Inc., or which result from or are suggested by any work which I may do for or on behalf of Surveys & Analysis, Inc.;

1.2.     I agree to assign, and do hereby assign, to Surveys & Analysis, Inc. or Surveys & Analysis, Inc's designee, my entire right, title and interest in and to all such DEVELOPMENTS and all copyrights and mask work rights in such DEVELOPMENTS and any patent applications filed and patents granted thereon, including those in foreign countries; and, both during my employment by Surveys & Analysis, Inc., and thereafter, to execute any patent papers covering such DEVELOPMENTS as well as any papers that Surveys & Analysis, Inc. may consider necessary or helpful in obtaining or maintaining said patents during the prosecution of patent applications thereon or during the conduct of any interference, litigation or any other matter in connection therewith; all expenses incident to the filing of any such interference, litigation or other controversy shall be borne by Surveys & Analysis, Inc.;

1.3.     I agree not to use (other than for SURVEYS & ANALYSIS, INC.) and not to directly or indirectly publish or otherwise disclose at any time (except as my duties to Surveys & Analysis, Inc. may require) either during or subsequent to my employment, any of Surveys & Analysis, Inc's "CONFIDENTIAL INFORMATION" (as defined below), whether or not the same was conceived, originated, discovered or developed, in whole or in part, by me;

1.4.     I agree that CONFIDENTIAL INFORMATION means information or material which is not generally available to or used by others or the utility or value of which is not generally known or recognized as standard practice, whether or not the underlying details are in the public domain, including:

1.4.1.    information or material which relate to Surveys & Analysis, Inc's inventions, technological developments, "know-how," purchasing, accounting, merchandising, or licensing;

1.4.2.    information contained in or derived from Surveys & Analysis, Inc's Client Lists, whether inactive, active or prospective;

1.4.3.    trade secrets as defined in the Restatement of Torts;

1.4.4.    software in various stages of development (source code, object code, documentation, diagrams, flow charts), designs, drawings, specifications, models, data and customer information; and

1.4.5.    any information of the type described above which Surveys & Analysis, Inc. obtained from another party and which Surveys & Analysis, Inc. treats as proprietary or designates as confidential, whether or not owned or developed by Surveys & Analysis, Inc.;

1.5.    I agree to deliver to Surveys & Analysis, Inc. promptly upon request or on the date of termination of my employment all documents, copies thereof and other materials in my possession pertaining to the business of Surveys & Analysis, Inc., including, but not limited to, CONFIDENTIAL INFORMATION, and thereafter to promptly return documents and copies thereof and other materials in my possession pertaining to the business of Surveys & Analysis, Inc. and originating with Surveys & Analysis, Inc. that come into my possession;

1.6.    I agree for a period of three (3) years following termination of my employment with Surveys & Analysis, Inc. within the geographical area of _____Midwest_____ and any contiguous states not to engage in or contribute my knowledge to any work, employment or investment which is competitive with or similar to the service, product, process, or apparatus of Surveys & Analysis, Inc. or on which I worked or with respect to which I had access to CONFIDENTIAL INFORMATION while at the company at any time during my employment; however, I shall be permitted to engage in such proposed work or activity, and Surveys & Analysis, Inc. shall furnish me a written consent to that effect, if I furnish to Surveys & Analysis, Inc. clear and convincing written evidence, including assurances from me and my new employer, that the fulfillment of my duties in such proposed work or activity will not cause me to disclose, base judgment upon, or use any such CONFIDENTIAL INFORMATION. It is understood that the geographical area set forth in this clause is divisible so that if this clause is invalid or unenforceable in an included geographical area, that area is severable and this clause remains in effect for the remaining included geographic areas in which the clause is valid. It is understood that the time period set forth in this clause is divisible so that if this clause is invalid or unenforceable for an included time period, that time period is severable and this clause remains in effect for the longest remaining time period in which the clause is valid;

1.7.    I agree to assign to Surveys & Analysis, Inc. my entire right, title and interest in and to any DEVELOPMENTS and all copyrights, mask work rights, patent applications filed and patents granted thereon, including those in foreign countries with respect to DEVELOPMENTS relating to my activities while working for Surveys & Analysis, Inc. and conceived or made by me, alone or with others, within one year after termination of my employment if conceived as a result of and if attributable to work done during such employment and relates to a method, substance, machine, article of manufacture or improvement therein within the scope of the business of Surveys & Analysis, Inc.;

1.8.     I agree that this Agreement represents the full and complete understanding between me and Surveys & Analysis, Inc. with respect to the subject matter hereof and supersedes all prior representations and understandings, whether oral or written;

1.9.     I agree that my obligations under this Agreement shall be binding upon my heirs, executors, administrators, or other legal representatives or assigns, and that this Agreement shall inure to the benefit of Surveys & Analysis, Inc., its successors and assigns.

1.10     I agree that this contract shall be interpreted according to the laws of the Commonwealth of Massachusetts without application of that states choice of law rules. I also agree that the proper jurisdiction and venue for this action shall be the Commonwealth of Massachusetts.

2.     I represent, except as I have written below, that I have no agreements with or obligations to others with respect to DEVELOPMENTS, PROPRIETARY INFORMATION or CONFIDENTIAL INFORMATION, belonging either to Surveys & Analysis, Inc. or to others, or in conflict with the foregoing.

3.     I understand that this Agreement may not, on behalf of or in respect to Surveys & Analysis, Inc., be changed, modified, released, discharged, abandoned or otherwise terminated, in whole or in part, except by an instrument in writing signed by the President of Surveys & Analysis, Inc.

4.     I agree that during or upon termination of my employment with Surveys & Analysis, Inc., I shall, if requested by Surveys & Analysis, Inc., reaffirm my recognition of the importance of maintaining the confidentiality of Surveys & Analysis, Inc's CONFIDENTIAL INFORMATION and reaffirm all of the obligations set forth in Paragraph 1 of this Agreement.

_Scott Hultin_
Employee (Print Name)

_Kenneth Hurley_
Witness

_Scott Hull_
Employee's Signature

_4/16/99_
Date

Superior Court Department
County: __WORCESTER__

| PLAINTIFF(S)<br>Surveys & Analysis, Inc.<br>538 Hartford Turnpike, Shrewsbury, MA 01545 | DEFENDANT(S)<br>Scott Hultine<br>628 Forest View Drive, Geneva, IL 60134 |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Michael P. Angelini, Esquire, Bowditch & Dewey,<br>311 Main Street, P.O. Box 15156, Worcester, MA<br>01615-0156<br>Board of Bar Overseers number: 019340 | ATTORNEY (If known)<br>LLP |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104
      (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Employment, Non-Disclosure and Non-Competition Agreement (F) | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ................................................. $..............
2. Total Doctor expenses ................................................. $..............
3. Total chiropractic expenses ................................................. $..............
4. Total physical therapy expenses ................................................. $..............
5. Total other expenses (describe) ................................................. $..............
                                                                            Subtotal $..............

Documented lost wages and compensation to date ................................................. $..............
Documented property damages to date ................................................. $..............
Reasonably anticipated future medical and hospital expenses ................................................. $..............
Reasonably anticipated lost wages ................................................. $..............
Other documented items of damages (describe)

                                                                                        $..............

Brief description of plaintiff's injury, including nature and extent of injury (describe)

Defendant's tortious acts as alleged in the Complaint have resulted in
lost revenues to plaintiff in excess of $550,000.

                                                                            $..............
                                                                   TOTAL $..............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant breached an Employment, Non-Disclosure and Non-Competition Agreement with
Plaintiff. Plaintiff claims lost revenues in an amount exceeding $550,000.

                                                                   TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____        DATE: 9/2/04

A.O.C-6 mtc005-11/99
A.S.C. 1-2000

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| I1 | Services, labor and materials | (F) |
| I2 | Goods sold and delivered | (F) |
| I3 | Commercial Paper | (F) |
| I6 | Sale or lease of real estate | (F) |
| 2 | Construction Dispute | (A) |
| 9 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| 3 | Motor Vehicle negligence-personal injury/property damage | (F) |
| 4 | Other negligence-personal injury/property damage | (F) |
| 5 | Products Liability | (A) |
| 6 | Malpractice-medical | (A) |
| 7 | Malpractice-other(Specify) | (A) |
| 8 | Wrongful death,G.L.c.229,s2A | (A) |
| 5 | Defamation (Libel-Slander) | (A) |
| 9 | Asbestos | (A) |
| ) | Personal Injury-Slip&Fall | (F) |
| I | Environmental | (A) |
| 2 | Employment Discrimination | (F) |
| 9 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

TY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as essary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money nages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant ether with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer action as provided in Rule 29(5)(C).

TY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect dequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which y result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

No. 04-1727A

SURVEYS & ANALYSIS, INC.,

)
)
)
)
Plaintiff (s) )
)
v. )
)
SCOTT HULTINE )
)
Defendant (s) )

**SUMMONS**

\*  To the above-named Defendant: Scott Hultine, 628  Forest View Drive, Geneva, IL 60134.

You are hereby summoned and required to serve upon James J. Richards, Esquire
.............................................................................................................., plaintiff's attorney,
whose address is Bowditch & Dewey, LLP, 311 Main Street, P.O. Box 15156, Worcester, MA
an answer to the complaint which is herewith served upon you, within 20 days after  01615-0156
service of this summons upon you, exclusive of the day of service.  If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 2nd
day of .......September.......................................in the year of our Lord two thousand and
....four........... .

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ................................................................................................
20............., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

.............................................................................................................................................................

.............................................................................................................................................................

.............................................................................................................................................................

Dated: ..................................................., 20..................... .

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| | , 20 |
|---|---|

**COMMONWEALTH OF MASSACHUSETTS**

Worcester, ss.

Superior Court
Civil Action

No.

...........................................Plaintiff

v.

...........................................Defendant

SUMMONS

(Mass. R. Civ. P. 4)



**Commonwealth of Massachusetts**
**County of Worcester**
**The Superior Court**

CIVIL DOCKET# **WOCV2004-01727-A**

RE: **Surveys & Analysis Inc v Hutline**

TO: Michael P Angelini, Esquire
Bowditch & Dewey
311 Main Street
P. O. Box 15156
Worcester, MA 01615-0156

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 12/01/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/30/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/30/2005 |
| All motions under MRCP 15 filed | 01/30/2005 |
| All discovery requests and depositions completed | 06/29/2005 |
| All motions under MRCP 56 served and heard | 07/29/2005 |
| Final pre-trial conference held and firm trial date set | 08/28/2005 |
| Case disposed | 10/27/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting in **Rm 12 (Session A) at Worcester Superior Court.**

Dated: 09/02/2004

Francis A. Ford
Clerk of the Courts

BY: Joanne C. Herring
Assistant Clerk

Location: Rm 12 (Session A)
Telephone: 508-770-1899, Ext. 122 or Ext. 121 (Session Clerk)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 1045900 inidoc01 mcnapair

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Surveys & Analysis, Inc.

## DEFENDANTS IN CLERKS OFFICE

Scott Hultine

2004 SEP 27 P 12: 52

**(b)** County of Residence of First Listed Plaintiff **Worcester, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Hultine, resides in Illinois**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

U.S. DISTRICT COURT
DISTRICT OF MASS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael P. Angelini
James J. Richards
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01615  (508) 791-3511

Attorneys (If Known)
Paul G. Lannon, Jr.
David J. Santeusanio
Holland & Knight LLP
10 St. James Avenue
Boston, MA  (617) 523-2700

04 40195

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Plaintiff's complaint purports to assert claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with contractual relations, misappropriation of trade secrets, and injunctive relief.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Greater than $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE 9/27/04

SIGNATURE OF ATTORNEY OF RECORD
Dave

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) **Survey & Analysis, Inc. v. Scott Buffone**

    IN CLERKS OFFICE

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
    local rule 40.1(a)(1)).

    2004 SEP 27  P 12: 51

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    U.S. DISTRICT COURT
                                                                                   DISTRICT OF MASS.
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       *Also complete AO 120 or AO 121
                                                                                   for patent, trademark or copyright cases

    [X] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,         04-40195
              380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.                                                      04-12067 MLW

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]   NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)
                                                                    YES [ ]   NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]   NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]   NO [X]

7.  Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                                    YES [X]   NO [ ]

    A.   If yes, in which division do **all** of the non-governmental parties reside?

         Eastern Division [ ]        Central Division [X]        Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies, residing in Massachusetts reside?

         Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)
                                                                    YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME **David J. Santeusanio**

ADDRESS **HOLLAND & KNIGHT LLP, 10 St. James Avenue, Boston, MA 02116**

TELEPHONE NO. **617-854-1490**

(Coversheetlocal.wpd - 10/17/02)