# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SURVEYS & ANALYSIS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-CV-40195-FDS |
| | ) | |
| SCOTT HULTINE, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF SURVEYS & ANALYSIS, INC.'S
## OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff, Surveys & Analysis, Inc. ("Surveys") opposes Defendant, Scott Hultine's ("Hultine") Motion to Transfer this action to the United States District Court for the Northern District of Illinois. This case arises out of a non-competition agreement (the "Agreement") between Hultine and Surveys in which the parties agreed that all disputes would be resolved in Massachusetts and would be governed by Massachusetts law. On September 2, 2004, Surveys commenced this action based on Hultine's breach of the Agreement. Thereafter, Hultine filed an unrelated wage claim in the United States District Court for the Northern District of Illinois and now asks this Court to transfer this case to Illinois.

Hultine's Motion should be denied. Transfer is unwarranted because Surveys is entitled to a Massachusetts forum. Hultine agreed to Massachusetts as the proper forum and this matter is governed by Massachusetts law. Surveys filed its Complaint first and there are no overlapping issues between the two actions. Finally, the majority of non-party witnesses are in Massachusetts and Massachusetts has a greater interest in the outcome of this matter than Illinois.

**I.**     **The Parties Agreed To Litigate This Matter In Massachusetts.**

The Parties contractually chose Massachusetts as the forum to settle all disputes arising from the Agreement.  The Agreement provides that "I [Hultine] agree that the proper jurisdiction and venue for this action shall be the Commonwealth of Massachusetts."  Affidavit of Paul Garabedian ("Garabedian Aff."), Exhibit 1.

A forum selection clause "figures centrally into the District Court's calculus" under section 1404(a).  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citations omitted). Such a clause should be given considerable weight in the overall balance.  Where a forum selection clause is valid, the party seeking transfer bears the burden of demonstrating why it should not be bound by its contractual choice.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3rd. Cir. 1995); BRM Industries, Inc. v. Mazak Corp., 42 F. Supp. 2d 176, 180 (D. Conn. 1999). Hultine has failed to meet his burden.

The forum selection clause in the Agreement is exclusive and mandates that the proper venue for any action arising out of the Agreement shall be in Massachusetts.  In Silva v. Encyclopedia Britannica Inc., 239 F.3d 385 (1st Cir. 2001), the Court determined that use of the word "must" in the phrase "all actions involving this agreement must be brought in the State of Illinois" was mandatory.[1]   Applying Silva, Courts in this Circuit have determined that clauses like the one found in the Agreement are mandatory.   Home Products International–North America, Inc. v. Peoplesoft USA, Inc., 201 F.R.D. 42 (D. Mass., 2001)(use of the word "shall" in the clause "venue shall lie in San Francisco" implies exclusivity and clause held exclusive); Gonzalez et. al. v. Avatar Realty, Inc., 177 F.Supp.2d 101, 104 (P.R. D. 2002)(clause "any action

---

[1] Hutine completely ignores the Court's holding in Silva v. Encyclopedia Britannica Inc., 239 F.3d 385 (1st Cir. 2001).  Hultine's reliance on Autoridad v. Ericsson Inc., 201 F.3d 15 (1st Cir. 2000) is misplaced.  The clause at issue there provides that "this contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico." Id. at 17.  Because the clause neither mentioned venue or mandated a forum, it was held permissive.

shall be maintained in Miami, Florida" mandatory); <u>See</u> <u>also</u> <u>Excell, Inc.  v. Sterling Boiler &</u> <u>Mec. Inc.</u>, 106 F.3d 318, 321 (10th Cir. 1997) (language "jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado" deemed mandatory); <u>Milk 'N'</u> <u>More, Inc. v. Beavert</u>, 963 F.2d 1342, 1346 (10th Cir. 1992) ("venue shall be proper under this agreement in Johnson County, Kansas" found to be mandatory); <u>Nascone v. Spudnuts, Inc.</u> 735 F.2d 763, 765 (3rd Cir. 1984) ("Venue for any proceeding . . . shall be Salt Lake County, State of Utah" found to be mandatory).

Where, as here, a forum selection clause is mandatory, it should be enforced unless "enforcement would be unreasonable and unjust, or . . . . the clause was invalid for such reasons as fraud or overreaching." <u>Silva</u> at 389, quoting <u>M/S Bremen v. Zapata Off-Shore, Co.</u>, 407 U.S. 1, 15 (1972).  No such countervailing factors exist here.

**II.     Surveys is Entitled to a Strong Presumption That Massachusetts is the Correct Forum.**

As the plaintiff filing first in Massachusetts, there is a strong presumption in favor of Surveys' choice of a Massachusetts forum. <u>Princess House, Inc. v. Lindsey</u>, 136 F.R.D. 16, 18 (D. Mass., 1991).  This presumption is even stronger in this case, since Surveys is a resident of this forum. <u>Kleinerman v. Luxtron Corp.</u>, 107 F.Supp.2d 122, 125 (D. Mass., 2000).

**III.     The Parties Agreed to the Application of Massachusetts Law.**

Hultine agreed that

> "I [Hultine] agree that my obligations under this Agreement shall be interpreted according to the laws of the Commonwealth of Massachusetts without application of that states choice of law rules."

Thus, this case requires the application of Massachusetts law and the Federal District Court for the District of Massachusetts is best suited to deal with Massachusetts substantive law. <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241, n.6 (1981); <u>See</u> <u>Symbol Technologies, Inc. v.</u>

3

Quantum Assocs., Inc., No. 01-10983-GAO, 2002 WL 225934, at *2 (D. Mass., Jan. 30, 2002)

(California court best suited to apply California law to contract governed by California law).

**IV.    Consolidation Is Unwarranted Because There Is No Overlap of Issues Between the Illinois and Massachusetts Actions and Surveys Filed First.**

The matter before this Court concerns Hultine's willful violation of the Agreement, which has caused Surveys damages in excess of $500,000. The Illinois action alleges that Surveys failed to fully compensate Hultine over a brief period and seeks nominal damages. Hultine has apparently commenced the unrelated Illinois action in an attempt to create a basis to transfer this case to his home state of Illinois, despite the fact that he agreed to a Massachusetts venue and that the venue analysis weighs heavily in Surveys' favor. Where, as here, there is no overlap between this case and the Illinois matter, transfer should be denied. See TPM Holdings, Inc. v. Intra-Gold Ind., Inc., 91 F.3d 1, 4 (1st Cir. 1996). See also Banjo Buddies, Inc. v. Renosky, 156 F. Supp.2d 22, 25 (D. Me. 2001)(denial of transfer where there is no overlap of issues).

This is particularly true here, where Surveys filed first, because when considering consolidation as a factor in a transfer of venue analysis the first filed action will be given priority and be allowed to proceed in favor of the later action. See Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

**V.    Hultine Has Failed to Demonstrate That the Convenience of the Parties or Witnesses Warrants Transfer.**

If this matter were transferred to Illinois, Surveys would be severely prejudiced. All but one of Surveys' witnesses reside in Massachusetts, and only two of Surveys' seven witnesses are under Surveys' control. Garabedian Aff., ¶8-9. Given that all but one of Surveys' expected witnesses lives in Worcester County, Massachusetts, Massachusetts is a more convenient forum

{J:\CLIENTS\lit\300482\0004\00479844.DOC;1}

than Illinois. Garabedian Aff., ¶10. Further, the majority of Surveys' potential witnesses no longer work for Surveys and are not under Surveys' control. Garabedian Aff., ¶12. It is unlikely that they would voluntarily travel to Illinois in connection with this matter. Id. Further, travel from Massachusetts to Illinois will cause disruption to Surveys' business and will cause financial hardship to Surveys. Garabedian Aff., ¶11.

Because the majority of key witnesses reside in the district chosen by the plaintiff, transfer should be denied. In Re Warrick, 70 F.3d 736, 740 (2d Cir. 1995). Brookfield Machine, Inc. v. Calbrit Design, 929 F. Supp. 491, 501 (D. Mass., 1996) (denying transfer where an equal if not greater number of witnesses would be inconvenienced if the case were transferred from Massachusetts to California). Transfer is inappropriate where its effect merely shifts the inconvenience from one party to another. Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F.Supp. 2d 12, 18 (D. Mass., 2002). Moreover, where both parties present arguments that the other's venue will cause inconvenience, the "tie-breaking factor is the 'great weight' that this court must give to the plaintiff's choice of forum." Fairview Machine & Tool Co., Inc. v. Oakbrook Inter'l, Inc., 56 F. Supp. 2d 134, 141-42 (D. Mass., 1999).

Hultine's many arguments concerning the convenience of the parties and of the witnesses are without force:

- Surveys is no better able to absorb the cost of this litigation than Hultine is and litigating this matter in Illinois will be burdensome to Surveys. Garabedian Aff., ¶11. Hultine's contention that Surveys is a "large company" is simply incorrect. Over the past three years, Surveys' workforce has been sharply reduced from approximately 60 employees and Surveys has lost significant revenue, in large

part due to Hultine's activities. Id. at ¶2, 5.   Surveys has only one office in Shrewsbury, Massachusetts and no other offices anywhere else. Id. at 3.

- Although Hultine portrays himself as a mere "employee" of AGD, Hultine is, in effect, AGD.  He is listed as its President with the Illinois Secretary of State. Garabedian Aff., Exhibit 3.  AGD's website touts Hultine's "experience in the utility industry as a key to AGD's success." Garabedian Aff., Exhibit 2.  Hultine directs the activities of AGD's employees.  Affidavit of Scott Hultine ("Hultine Aff."), ¶16.   In addition, Hultine's company has grown to approximately 18 employees in two years (Garabedian Affidavit, Exhibit 3; Hultine Aff., ¶15), while Surveys has decreased from 60 to 45 employees. Garabedian Aff., ¶2.

- Hultine mischaracterizes the scope of Surveys' presence in Illinois.  Since Hultine breached the Agreement and displaced Surveys as the leak detection provider for Nicor, Surveys now has only one full time and one part time employee at Nicor. Garabedian Aff., ¶2.

- Hultine understates his significant concentration with Massachusetts during the term of the Agreement.  During his employment with Surveys, Hultine was the face of Surveys at Nicor.  Garabedian Aff., ¶6-7.  Hultine handled all facets of Surveys' business and the Nicor contract.  Garabedian Aff., ¶6.  Hultine had a company issued cell phone and communicated with Surveys' personnel in Massachusetts several times per week and sometimes several times per day. Garabedian Aff., ¶7.  Hultine was also responsible for facilitating the flow of all information between Surveys and Nicor and Surveys and its Illinois employees,

including faxing and mailing all billing, payroll and personnel records. Garabedian Aff., ¶7.

- Hultine oversees and directs the work of AGD's employees and he is AGD's Vice President. Hultine Aff., ¶8. According to the State of Illinois, Hultine is AGD's President. Garabedian Aff., <u>Exhibit 3</u>. Thus, it is likely that Hultine will be able to compel the participation of AGD's employees Rebecca Hultine, Steve Knowlton and Andre Zwerschke to testify in Massachusetts if their testimony is necessary. Further, Rebecca Hultine is an officer of AGD. Hultine Aff., ¶8. For obvious and logical reasons, the convenience of witnesses closely aligned with a party is given less weight in a convenience analysis. <u>McEvily v. Sunbeam-Oster Co.</u>, Inc. 878 F.Supp. 337, 346 (D.R.I. 1994)(defendant's employees would testify in either district); <u>S-Fer Intern., Inc. v. Paladion Partners, Ltd.</u>, 906 F.Supp. 211, 215 (S.D.N.Y. 1995)(officers of defendant presumed willing to testify without compulsion); <u>Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.</u>, 844 F. Supp. 1163, 1166 (S.D. Tex 1994)(same); <u>FUL Inc. v. Unified School Dist. No. 204</u>, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993)(same). Further, Hultine has the option of compelling his witnesses to appear for pretrial discovery in a proper location for use at trial. <u>See</u> <u>Trans National Travel, Inc. d/b/a TNT Vacations, v. Sun Pacific International, Inc.</u>, 10 F.Supp.2d 79, 82 (D. Mass., 1998); <u>Outek Caribbean Distributors, Inc. v. Echo, Inc.</u>, 206 F.Supp.2d 263, 269 (D. P.R. 2002)(deposition transcripts may be used at trial where witnesses unavailable due to cost).

- Hultine mischaracterizes the central issue in this case, contending that the central dispute in this matter is Hultine's business relationship with Nicor. Memorandum of Law in Support of Scott Hultine's Motion to Transfer the Action to the United States District Court for the Northern District of Illinois at 8. This case concerns the Agreement and the central issues in this case are whether the Agreement is enforceable, whether Hultine breached the Agreement, whether Surveys has been damaged and the amount of those damages. The principal discovery to support and defend against those claims is most likely in the possession of Surveys and Hultine.

- The so-called "key documents" located in Illinois are in the possession of either Hultine, AGD or Nicor. Obviously, Hultine, an officer of AGD, has possession, custody or control of the documents in AGD's possession. He also obviously has control of the documents located at his home. With respect to so-called "key documents" at Nicor, Hultine admits that he has <u>no personal knowledge</u> as to whether Nicor has documents. Hultine Aff., ¶18. The fact that Nicor <u>may</u> have some documents is not dispositive of where this case should be litigated and transfer is not warranted on the chance that it might, particularly in light of Surveys' choice of forum and the terms of the Agreement.

- Whether this case is litigated in Massachusetts or Illinois, AGD's business will be disrupted because of Hultine's decision to make his employees testify. Hultine Aff., ¶16. Further, Surveys' business will be equally disrupted if this matter were litigated in Illinois. Garabedian Aff., ¶11.

8

## VI.     The Interest of Justice Would Not Be Served By Transfer.

Massachusetts has a far greater interest in the outcome of this matter and in adjudicating this dispute than Illinois.   Massachusetts has an interest in assuring that its contracts are enforced; that employees are held to the terms of their contracts; that employees do not interfere with and steal business and employees from Massachusetts employers; that Massachusetts adjudicates disputes that individuals agree will be adjudicated in Massachusetts; that Massachusetts judges apply Massachusetts law; that Massachusetts courts accommodate its witnesses who reside in Massachusetts.

### CONCLUSION

Surveys' choice of forum is entitled to great weight and shall not be lightly disturbed and their agreement to litigate in Massachusetts is mandatory.   Since Hultine has not produced evidence sufficient to outweigh Surveys' preference and Hultine has failed to provide any reason why this Court should not enforce the forum selection clause, the Court should credit Surveys' decision to file suit in Massachusetts as determinative, enforce the parties' agreement to resolve this matter in Massachusetts and deny Hultine's Motion to Transfer this action to the United States District Court of Illinois.

SURVEYS & ANALYSIS, INC.
By its attorneys,

Michael P. Angelini (BBO# 019340)
James J. Richards (BBO# 642937)
James P. Hoban (BBO# 633929)
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated:  October /8, 2004

{J:\CLIENTS\lit\300482\0004\00479844.DOC;1}