UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SURVEYS & ANALYSIS, INC.,

        Plaintiff,

v.

SCOTT HULTINE,

        Defendant.

C.A. No. 04-CV-40195-FDS

### ANSWER OF DEFENDANT SCOTT HULTINE

The defendant, Scott Hultine, by and through his attorneys, hereby answers the Complaint as follows:

**Parties**

1. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies them.

2. Defendant admits that he is an individual residing at 628 Forest View Drive, Geneva, Illinois, that he is a former employee of Surveys & Analysis, Inc. ("Surveys"), and that he is the Vice President and part owner of A.G.D., Inc. ("AGD"). Defendant denies the remaining allegations in this paragraph.

**Jurisdiction and Venue**

3. This paragraph contains legal conclusions to which no response is required. To the extent that a response to any factual allegations in this paragraph is required, Defendant states that Exhibit 1 speaks for itself, and Defendant denies the remaining allegations.

**Facts**

4. Defendant admits the allegations contained in the first and second sentences of this paragraph. Because the terms "Northeastern and Midwest" are vague and ambiguous, Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph and on that basis denies them.

5. Defendant admits that he was hired on or about March 10, 1997 as a outdoor natural gas leak inspector and that he had not previously worked in the natural gas leak detection industry. Defendant denies the remaining allegations in this paragraph.

6. Defendant admits that on or about April 16, 1999, more than two years after his employment with Surveys began, he signed the agreement referenced in Exhibit 1, which appears to be an accurate copy of the agreement he signed. Defendant denies the remaining allegations in this paragraph.

7. Defendant states that the referenced agreement speaks for itself, and, accordingly, the Defendant denies the allegations contained in this paragraph to the extent they differ from or are inconsistent with the express terms of that agreement.

8. Defendant states that the referenced agreement speaks for itself, and, accordingly, the Defendant denies the allegations contained in this paragraph to the extent they differ from or are inconsistent with the express terms of that agreement.

9. Defendant admits that Nicor Gas ("Nicor") is a natural gas provider in Illinois. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis denies them.

10. Defendant admits that he provided services on behalf of Surveys exclusively for Nicor and that he managed other Surveys employees providing services for Nicor. Defendant is

- 3 -

without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis denies them.

11. Defendant admits that as an employee of Surveys, he had access to and knowledge of some of the types of the information identified in this paragraph, but he denies he had access to or knowledge of all of those types of information.

12. Defendant admits that on or about April 9, 2002, AGD was incorporated with the Illinois Secretary of State, that he was identified as President in the filing with the Secretary of State, and that he was employed by Surveys at the time of the filing with the Secretary of State. Defendant is without information concerning Surveys' knowledge of these activities and on that basis denies the remaining allegations contained in this paragraph.

13. Defendant admits that AGD's website stated that AGD was established in Illinois to service midwest utility companies, that AGD was established to focus on gas leak detection services, and that Defendant had experience in the utility industry.  Defendant denies the remaining allegations contained in this paragraph, including that AGD's use of the vague and ambiguous term "Midwest" was intended to mean the same thing as Surveys' use of that term in the referenced agreement.

14. Defendant admits that he was employed by Surveys until Surveys terminated his employment on or about July 9, 2002.  Defendant denies the remaining allegations contained in this paragraph.

15. Admitted.

16. Denied.

- 4 -

17. Defendant admits that AGD entered into a contract with Nicor in 2003 to provide natural gas leak detection services. Defendant denies the remaining allegations contained in this paragraph.

18. Denied.

## Causes of Action

### Count I
### (Breach of Contract)

19. Defendant restates and incorporates by reference his responses to the allegations contained in paragraphs 1 through 18.

20. Denied.

21. Denied.

22. Denied.

### Count II
### (Breach of Covenant of Good Faith and Fair Dealing)

23. Defendant restates and incorporates by reference his responses to the allegations contained in paragraphs 1 through 22.

24. Defendant admits that the referenced agreement states that it is governed by Massachusetts law. This remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations.

25. Denied.

26. Denied.

## Count III
### (Breach of Fiduciary Duty)

27. Defendant restates and incorporates by reference his responses to the allegations contained in paragraphs 1 through 26.

28. Denied.

29. Denied.

30. Denied.

## Count IV
### (Tortious Interference with Contractual/Advantageous Relationships)

31. Defendant restates and incorporates by reference his responses to the allegations contained in paragraphs 1 through 30.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## Count V
### (Misappropriation of Trade Secrets)

36. Defendant restates and incorporates by reference his responses to the allegations contained in paragraphs 1 through 35.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## Count VI
### (Injunctive Relief)

41.    Defendant restates and incorporates by reference his responses to the allegations contained in paragraphs 1 through 40.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    The complaint does not include a paragraph 47.

48.    Denied.

In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any relief of any kind whatsoever.

WHEREFORE, Defendant requests that Plaintiff's complaint be dismissed with prejudice and Defendant be awarded costs of defense, including reasonable attorney's fees, and any such further relief as this Court deems just and appropriate.

## **DEFENSES**

### **FIRST DEFENSE**

The agreement that is the subject of Plaintiff's claims is unenforceable for lack of consideration.

### **SECOND DEFENSE**

Defendant did not freely and voluntarily sign the agreement that is the subject of Plaintiff's claims.

**THIRD DEFENSE**

The agreement that is the subject of Plaintiff's claims constitutes a contract of adhesion.

**FOURTH DEFENSE**

The agreement that is the subject of Plaintiff's claims is contrary to public policy and is unenforceable.

**FIFTH DEFENSE**

The agreement that is the subject of Plaintiff's claims constitutes a restraint of trade and is unenforceable.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**EIGHTH DEFENSE**

Plaintiff's claims are based in whole or in part because Plaintiff engaged in fraud and misrepresentation in connection with the agreement that is the subject of Plaintiff's claims.

**NINTH DEFENSE**

Any obligation of Defendant to perform under the agreement that is the subject of Plaintiff's claims has been discharged because of Plaintiff's breach of the agreement.

**TENTH DEFENSE**

The Complaint should be dismissed because the proper venue for this matter is the United States District Court for the Northern District of Illinois.

**ELEVENTH DEFENSE**

The complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the principles of waiver and estoppel.

Defendant reserves the right to assert defenses or limitations on damages upon discovery of facts presently not known.

## JURY DEMANDED

Defendant makes a jury demand on all claims.

                Respectfully submitted,

                SCOTT HULTINE

                By his attorneys,

                HOLLAND & KNIGHT LLP

                */s/ David J. Santeusanio*
                Paul G. Lannon, Jr. (BBO # 563404)
                David J. Santeusanio (BBO # 641270)
                10 St. James Avenue
                Boston, Massachusetts  02116
                (617) 523-2700

Dated:  December 20, 2004

- 9 -

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2004, I electronically filed the Answer of Defendant Scott Hultine with the Clerk of Court using the CM/EMF system, which will send notification of such filing to the following attorneys of record:

Michael P. Angelini, Esq.
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156

James J. Richards, Esq.
Bowditch & Dewey, LLP
311 Main Street, P.O. Box 15156
Worcester, MA 01615-0156

                                                       */s/ David J. Santeusanio*
                                                       David J. Santeusanio, Esq.
                                                       Holland & Knight LLP
                                                       10 St. James Avenue
                                                       Boston, Massachusetts 02116

# 2459485_v2